Turley, J,
delivered the opinion of the court.
This is an action of debt, brought by Winnefred Richmond against Spencer Wyatt. Pending the suit, and after issue joined, defendant was declared a bankrupt, and obtained his *366 certificate as such. This he neglected to plead at the first term of the court thereafter, but proposed to do so at the second, and tendered a plea in proper form, which was rejected by the court upon the ground, that it had not been offered before.
This involves a question of practice, upon which there is no precedent in this State, and it is very difficult to apply the rules of practice of the courts of other States to those of ours, particularly so those of Great Britain, whose courts are so differently constituted from ours. Chitty, at page 456 of his work on Pleadings, lays it down as a general principle, “that if any matter of fact has arisen after an issue in fact or joinder in demurrer, it may be pleaded by the defendant, as that the plaintiff hath given him a release;” and he also says, that it may be admissible so to plead the defendant’s bankruptcy, when he has obtained his certificate after issue joined. He also says, at page 457: “with respect to the time when matters of this description are to be pleaded, it appears, that if the ground of de-fence arise after plea or after issue, and before the return of the venire facias, it should be pleaded in bank, and when the defendant after pleading obtained his certificate as a bankrupt, and then pleaded it in bank as a matter which had arisen after the last continuance, but in fact another continuance had intervened between the certificate and the plea, the court admitted him to plead nunc fro tunc on the payment of the cost.” This then may be considered as the practice upon the subject while the case is yet in bank: whether a different rule would be made to apply after the case had been set for trial to the nisi frius court, he does not say; but we can see no reason why it should. But be this as it may, as we have no such distinctions in our courts, the case always being in bank, if we may so call our Circuit Courts, whatever would be a good principle of practice in bank in England, upon the subject under consideration, would be a good one here. This, then, may be considered as authority for the reception of the plea. In the case of Morgan & Smith vs. Dyer, 10th Johnson’s Rep. 161, it is said, that it is in the discretion of the court to receive the plea or not, even after more than one continuance has intervened, and this discretion will be governed by circumstances extrinsic and which *367 cannot appear on the face of the plea. This case clearly shows, if the discretion to receive the plea exist, that it is a legal and not a blind discretion, to be exercised and governed by circumstances extrinsic and which cannot appear on the face of the plea. In the case under consideration there are no such circumstances, and the plea appears to have been rejected, simply because it is a plea of bankruptcy, which certainly constituted no ground for its rejection, it being a substantial legal de-fence, given by law and guaranteed by law, and, therefore, entitled to as much favor as any other legal defence.
It is true this court has said repeatedly, that it interferes with reluctance upon questions of practice in the inferior courts, and upon questions involving the exercise of discretionary power; but where the discretion is legal and not arbitrary, and involves questions effecting the merits of the suit and not the mere mode of conducting it, that interference has and always must be interposed for the protection of the right.
Believing then as we do, that the plea in this case ought to have been received, we reverse the judgment, and remand the cause, with instructions that it be received.